Edward BULLOCK, individually and as President of the Flight Engineers International Association, CAW Chapter, AFL–CIO, an unincorporated association and Alfred Stelzer, Plaintiffs,

v.

CAPITOL AIRWAYS, INC., Defendant.

Civ. No. 19305.

United States District Court
E. D. New York.

Sept. 9, 1959.

Walter M. Colleran, New York City, for plaintiffs.

Harwood, Breedlove & Mittwede, Nashville, Tenn., for defendant. Judson Harwood, Nashville, Tenn., and George Berkowitz, New York City, of counsel.

ZAVATT, District Judge.

The sole question presented by the defendant's motion for summary judgment is whether, as a matter of law, the defendant is not a "common carrier" within the meaning of section 181, Title 45 U.S.C.A., extending the provisions of the Railway Labor Act to:

"* * * every common carrier by air engaged in interstate or foreign commerce, and every carrier by air transporting mail for or under contract with the United States Government, and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service."

The complaint alleges that the defendant is a common carrier by air of persons and property in interstate commerce; that the individual plaintiffs were employed by the defendant as flight engineers, and became actively engaged in an effort to

organize this class of employees and to induce them to join the plaintiff labor organization; that following an election the National Mediation Board certified said organization as the collective bargaining agent for defendant's flight engineers; and that thereafter the individual plaintiffs were fired by reason of their activities in connection with the plaintiff organization, in violation of their rights under the Railway Labor Act. It is alleged further that the firing of the individual plaintiffs interfered with, influenced and coerced the defendant's employees in the exercise of their rights under the said Act.

The defendant contends that there is no issue of fact upon the question of its being a common carrier by air; that as a matter of law it is not; and that consequently the Court has no jurisdiction of this action under the statute quoted.

■ Upon careful review of the affidavits and exhibits presented upon this motion, the Court is convinced that a genuine issue of fact as to the common carrier status of the defendant exists in this case. Under its "charter" contracts the defendant did not surrender control of its planes to charterers or lessees. In Alaska Air Transport v. Alaska Airplane Charter Co., D.C.Alaska 1947, 72 F.Supp. 609, 610, it was held that absent such change of control "it does not necessarily follow that such operations have the effect of removing one from the status of a common carrier." It was found further that the fact that the defendant therein served only a limited portion of the public did not militate against the existence of a common carrier status where there was a willingness to serve the public indifferently. Here, as in that case, it may well be proved that the defendant represented to the public that it would carry for hire freight and all persons applying to it, and that the "ensu-

ing response of the public and its accommodation by the defendant served to impress upon it the character of a common carrier." It was held in the case cited that such factors, "rather than the descriptive label placed by the defendant upon its operations * * * served to impress upon it the character of a common carrier." In Pacific Northern Airlines v. Alaska Airlines, D.C.Alaska 1948, 80 F.Supp. 592, it was pointed out that the making of a separate contract by the carrier with each shipper, to undertake the transportation of persons and property up to the limit of its capacity, did not remove the operation from common carrier status. As held in Flying Tiger Line v. Atchison, T. & S. F. Ry. Co., D.C. S.D.Cal.1947, 75 F.Supp. 188, whether one is a common carrier or not is an ultimate fact which is to be proved by evidence of the defendant's conduct just as any other ultimate fact. Of course the question is one for the trial court, and nothing herein is to be construed as a finding upon this fact.

■ The defendant's argument that it was not a common carrier because during the significant period herein it did not operate under a certificate of public convenience and necessity issued by the Civil Aeronautics Board is specious. Operation under such a certificate is not a condition to the applicability of the provision of the Railway Labor Act. In any event, the defendant's operations at that time were under an "Interim Operating Authorization" issued by the Board (Order No. E–9744, November 15, 1955), authorizing it to engage as an air carrier subject to the regulations of the Board and the conditions of the order.

It appearing that the defendant is not entitled to summary judgment as a matter of law, the motion is denied. This is an order.